IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES HUGHES, JR.**                                                                                      **PLAINTIFF**

V.                               CASE NO. 4:20-CV-01044-LPR

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**[1]                                                          **DEFENDANT**

## ORDER

Plaintiff Charles Hughes filed this action on August 27, 2020, seeking judicial review of the Commissioner's decision to deny his application for social security disability benefits.[2] On January 20, 2021, the Commissioner notified the Court that additional evidence had been submitted which warranted further consideration by the agency.[3] The Commissioner voluntarily requested remand in order to conduct additional proceedings.[4] The Court granted the request and entered an Order remanding for further administrative action.[5] The Clerk of Court then administratively closed the case.

Now before the Court is Mr. Hughes's motion for attorney fees as a "prevailing party" under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[6] The Commissioner does not object to his request.[7] For the following reasons, the Court will hold Mr. Hughes's motion in abeyance pending the entry of judgment in this case.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] Compl. (Doc. 2).

[3] Def.'s Mot. to Remand (Doc. 12).

[4] *Id*.

[5] Order (Doc. 14).

[6] Pl.'s First Mot. For Att'y Fees (Doc. 15).

[7] Def.'s Resp. (Doc. 16).

1

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified."[8] In his motion, Mr. Hughes posits that the Court's remand conferred upon him "prevailing party" status, and he argues that the Commissioner's position was not substantially justified, given that a second ALJ ultimately issued him a favorable decision upon remand.[9] Although he alludes to the new agency decision in his motion briefing, neither he nor the Commissioner has filed evidence of the decision with the Court.

The Commissioner takes no issue with Mr. Hughes's position. But, despite this non-objection, the Court cannot yet conclude that Mr. Hughes is a prevailing party entitled to attorney fees. The Court's hesitation lies in the type of remand that was ordered in this case. In social security cases like this one, the presiding court may remand the case to the agency for further review by using one of two available methods of remand, which are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g), respectively. The "principal feature" distinguishing the two types of remand is the point in time at which an entry of judgment is entered in the case.[10] The entry of judgment is crucial to the plaintiff's ability to seek attorney fees pursuant to the EAJA.[11]

For example, a "sentence four" remand is always issued in conjunction with an immediate entry of judgment in the plaintiff's favor.[12] Because the "sentence four" remand "terminates the

---

[8] 28 U.S.C. § 2412(d)(1)(A).

[9] Pl.'s First Mot. For Att'y Fees (Doc. 15) at 4.

[10] *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

[11] *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .") (emphasis added).

[12] *Schaefer*, 509 U.S. at 297.

litigation with victory for the plaintiff," a social security claimant who obtains this type of remand *does* become a prevailing party under the EAJA.[13]  A "sentence six" remand, however, is not a final judgment on the merits.  In issuing this type of remand, "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination."[14]  Instead, the court remands the case so that the agency may consider previously unavailable evidence in the first instance.[15]  Judgment is delayed until "after postremand agency proceedings have been completed and their results filed with the court."[16]

Here, the Court specifically remanded Mr. Hughes's case pursuant to "sentence six."[17]  Accordingly, rather than entering a judgment, the Court ordered administrative closure of the case.  Since that time, the Commissioner has not submitted any filing to the Court regarding the outcome of the postremand proceedings.  Even assuming, however, that the later administrative decision was fully favorable to Mr. Hughes, its issuance is not sufficient to trigger the EAJA filing period.[18]  Given these circumstances, the Court cannot grant Mr. Hughes's motion.  The Court cannot issue a judgment until the Commissioner files the postremand results with the Court.  And Mr. Hughes is not entitled to attorney fees under the EAJA unless and until the Court enters a favorable judgment in this case and the appeal period runs.[19]

---

[13] *Id*. at 301.

[14] *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

[15] *Id*.

[16] *Schaefer*, 509 U.S. at 297.  Sentence six of 42 U.S.C. § 405(g) contemplates that, following postremand proceedings, the Commissioner "shall . . . modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, *and shall file with the court any such additional and modified findings of fact and decision*, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." (emphasis added).

[17] Order (Doc. 14).

[18] *See Melkonyan*, 501 U.S. at 102 (holding that a "final judgment" for purposes of the EAJA means "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received").

[19] *Id*. ("The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

Given the parties' recent filings, the Court has reason to believe that the administrative proceedings regarding Mr. Hughes's claim for benefits have concluded. Therefore, the Commissioner is directed, within 14 days of the date of this Order, to file with the Court any available responsive information pursuant to 42 U.S.C. § 405(g) that will assist the Court in entering a final judgment in this case.

IT IS SO ORDERED this 23rd day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE