IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES HUGHES, JR.**                                                         **PLAINTIFF**

v.                              Case No. 4:20-CV-01044-LPR

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                               **DEFENDANT**

## ORDER

The Court originally remanded this social security case to the Commissioner pursuant to "sentence six" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.[1] Following remand, an ALJ reconsidered Mr. Hughes's disability claim and issued a fully favorable decision on June 9, 2022.[2] The Court entered judgment in his favor on December 27, 2022.[3]

The Court now considers Mr. Hughes's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[4] Mr. Hughes seeks $553.00, representing 2.65 hours of work performed at a rate of $209.00 per hour. The Commissioner concedes that Mr. Hughes is the prevailing party in this case and does not object to the award requested.[5]

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[6] On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney's fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on

---

[1] Order Granting Mot. to Remand (Doc. 14).

[2] Def.'s Resp. to Order (Doc. 20).

[3] Doc. 22.

[4] Pl.'s Mot. for Att'y's Fees (Doc. 15).

[5] Def.'s Resp. to Pl.'s Mot. for Att'y's Fees (Doc. 16).

[6] 28 U.S.C. § 2412(d)(1)(A).

an increase in cost of living or another special factor.[7] The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[8] The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling.[9]

Mr. Hughes has demonstrated that $209.00 is a reasonable hourly rate for the work performed during 2020–2021.[10] The requested award is also in line with prior decisions from this Circuit. The Court therefore concludes that Mr. Hughes is entitled to an award of attorney's fees under the EAJA and that the requested sum is reasonable.

Accordingly, Mr. Hughes's Motion (Doc. 15) is GRANTED. Mr. Hughes is hereby awarded $553.00 in attorney's fees pursuant to the EAJA. Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Mr. Hughes, in care of his attorney, and mailed directly to his attorney.

IT IS SO ORDERED this 27th day of February 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[7] *Id*. § 2412(d)(2)(A).

[8] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).

[9] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[10] Pl.'s Mot. for Att'y's Fees (Doc. 15) at 4–5.